KUGELMAN v. RITTER et al.

(Supreme Court, Appellate Term, First Department.   October 11, 1915.)

1. PLEADING ☞279—SUPPLEMENTAL COMPLAINT—ALLEGATIONS.

In an action by plaintiff and a copartner to recover upon assigned claims for goods sold and delivered, where the answer set up a general denial and a counterclaim for breach of warranty, and where the court granted plaintiff's motion to continue the action as sole surviving partner, the repetition in the supplemental complaint of the sale and delivery and assignment of the cause of action set out in the original complaint was unnecessary and improper.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 836–841; Dec. Dig. ☞279.]

2. PLEADING ☞283—SUPPLEMENTAL COMPLAINT—ISSUES.

A defendant, whose original counterclaim was limited to the breach of warranty on the sale of the goods involved in the action, could not, by supplemental answer to a supplemental complaint setting up no new matter, set up the additional defense that plaintiff was not the real party in interest and a breach of warranty as to goods paid for, but not included in the goods described in the original or supplemental complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 848, 849; Dec. Dig. ☞283.]

Appeal from City Court of New York, Special Term.

Action by Julius G. Kugelman against Leo Ritter and another. From an order compelling the acceptance of an answer served to a supplemental complaint, plaintiff appeals. Order reversed, and motion to continue action in plaintiff's name as sole surviving partner denied.

See, also, 90 Misc. Rep. 279, 152 N. Y. Supp. 1027.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Samuel J. Rawak, of New York City, for appellant.
Joseph Gans, of New York City, for respondents.

SHEARN, J.   This action was brought by the plaintiff and Charles Frankland, his copartner, to recover upon assigned claims for goods sold and delivered. The answer set up a general denial and a counterclaim for breach of warranty given in connection with the goods described in the complaint. Thereafter Charles Frankland died, and this plaintiff made a motion that the action be continued in his name as sole surviving partner. The short form order granting the motion stated that:  ·

"This motion is granted upon payment of $10 and service of a copy of the supplemental pleading within six days."

[1, 2] In the supplemental complaint, instead of merely alleging the death of Frankland and that plaintiff was the sole surviving partner, the plaintiff realleged the sale and delivery and assignment of the cause of action, as set out in the original complaint. Thereupon the defendants served an answer materially changing the issues in the action, setting up that the plaintiff is not the real party in interest and

a breach of warranty as to goods paid for, but not included in the goods referred to in the complaint. The original counterclaim was limited to the breach of warranty on the sale of the goods involved in the action. Plaintiff returned the answer to the supplemental complaint, on the ground that no leave to serve an amended answer had been granted. In doing so the plaintiff was clearly right. When a supplemental complaint is served, the only matter proper to be put in issue is the new matter alleged in the supplemental complaint. It was unnecessary and improper for the plaintiff to reallege the sale and delivery in the supplemental complaint. But the mere fact that the plaintiff included superfluous allegations in the supplemental complaint did not require the defendants to answer them. They were already in issue, and as to them the original answer stood. Much less did the inclusion of these superfluous allegations justify the defendants in serving a new answer materially changing the issues in the action.

The order appealed from should be reversed, but, owing to the faulty form of the supplemental complaint, without costs, and motion denied. All concur.